*HARRISON COUNTY—NOVEMBER TERM, 1816.*

Pepper
*v.*
Oram, et al.

PRESENT—TAPPAN, *President;* ROBERTS, BOYD AND SEARS, *Associates.*

## PEPPER vs. ORAM, ET AL.

Where payments are endorsed on a note, they extinguish so much of the debt, and the balance remains the sum due; if such balance is within the jurisdiction of a justice, costs cannot be recovered in this court.

DEBT, ON A NOTE UNDER SEAL, GIVEN FOR $75, ON WHICH PAYMENTS WERE INDORSED, AMOUNTING TO $19.46.

THE defendants had been defaulted, and now

BEEBE, for the plaintiff, produced the note and moved for judgment for $55.44 debt, and $8.40 damages, being the amount of interest due on the note.

PRESIDENT.—You may take judgment for your debt and damages, without costs.

BEEBE argued, that the plaintiff was entitled to costs in this case, because a suit could not be brought before a justice of the peace. The plaintiff must sue on his note, and on that it would appear to exceed a magistrate's jurisdiction; beside, the supreme court have uniformly given costs in such cases.

PRESIDENT.—This is an action of debt, brought originally in this court, for $75 debt and $10 damages; there has been an interlocutory judgment entered for default of a plea, and the attorney for the plaintiff now moves for a final judgment for the sum of $55.54 debt, and $4.80 damages, with costs of suit. This suit is brought on a sealed note given for $75, and interest, on which there has been indorsed, before the suit was commenced, payments amounting to $19.46. The question is, can the plaintiff have judgment for costs.

By the 41st section of the "act defining the duties of justices of the peace and constables, in criminal and civil cases," it is enacted "that if any person or persons shall commence or prosecute any suit, for any debt or demand by this act made cognizable, before a justice of

the peace, in any other court than is authorized and directed HARRISON,
by this act, and shall obtain a verdict or judgment therein, November 1816
for debt or damages, which, without costs of suit, shall not Pepper
amount to seventy dollars or more, he, she or they so Orman, et al.
prosecuting, shall not recover any costs in such suit, any law to the
contrary notwithstanding." By the 5th section of the same act,
justices of the peace have jurisdiction "in civil cases," and "to any
sum not exceeding seventy dollars," under certain restrictions and
limitations, which restrictions and limitations are contained in the
38th section of the same act, and do not extend to this form of action.
Justices of the peace have jurisdiction then, in actions of debt, where
the sum due does not exceed seventy dollars, or where the debt and
damages are apparently not over that sum. What then, was the sum
due in this case? Here is no question of set-off: we take the plaintiff's
evidence only, by that it appears that his debt, originally, was $75,
and by that it also appears that at the time this suit was brought,
$19.46 of that debt had been paid. The effect of such payment was
to extinguish so much of the debt; as to so much, the debt no longer
had a legal or equitable existence, so that this note, which is all the
evidence in the case, is evidence only of an existing debt of $55.44,
and interest.

It is urged, that the plaintiff was obliged to sue on his note, and
that he must, necessarily, declare on the face of it, and could no[t]
frame a declaration for less, on which the note would be evidence. A
reference to the manner of proceeding before justices, where formal
pleadings are not used, would be a sufficient answer to this objection;
but where the utmost formality of pleading is practised, the difficulty
is altogether imaginary. It would be easy to aver the fact which
brings the case within the inferior jurisdiction.

The law generally gives the prevailing party his costs, that is, the
amount of the fees allowed by the statute, in the court where pro-
ceedings have been had; but the legislature have thought proper to
restrain parties litigating, to limited jurisdictions in certain cases; and
although the plaintiff is at liberty to elect in what court he will sue,
and may aver any amount of debt or damages, and may succeed in
showing himself entitled to a judgment, yet he must justify the juris-
diction he has elected, by the amount of the judgment, or he is not to
add to the extraordinary expence he has put the defendant to, by a
taxation of costs in the higher and more expensive court; the rule
prescribed by the statute, may be considered in the nature of a penalty
upon the plaintiff.

As to what has been urged concerning the supreme court, it may be that they give costs in similar cases. I know of no case, however, exactly similar, in which they have given a judgment for costs. We must disregard a very plain provision of the statute law, on a surmise that the supreme court have done so, to give costs in this case. Let the judgment be entered, therefore, without costs.